## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| _____ | : |  |
| **JEANETTE HURDLE,** | : | CIVIL ACTION |
|  | : |  |
| **Plaintiff,** | : | NO. 02-2788 |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **FAIRBANKS CAPITAL CORPORATION,** | : |  |
| **et al.,** | : |  |
| **Defendants.** | : |  |
| _____ | : |  |

## ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of the Reply of Defendant NationsCredit Financial Services Corporation in support of its Amended Motion to Dismiss and Compel Arbitration, it is hereby

**ORDERED** and **DECREED** that said Motion is **GRANTED**, with NationsCredit to bear the full burden of paying the fees and costs of arbitration, and this action is hereby **DISMISSED WITH PREJUDICE.**

**BY THE COURT:**

_____ J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEANETTE HURDLE,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | NO. 02-2788 |
| | : | |
| **v.** | : | |
| | : | |
| **FAIRBANKS CAPITAL CORPORATION,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANT NATIONSCREDIT FINANCIAL SERVICES
CORP.'S REPLY IN SUPPORT OF ITS
AMENDED MOTION TO DISMISS AND COMPEL ARBITRATION**

Defendant NationsCredit Financial Services Corporation, by and through its

undersigned counsel, hereby respectfully requests that this Court grant its Amended Motion to

Dismiss and Compel Arbitration for the reasons more fully set forth in its Reply Brief, which is

annexed hereto, and in its previously filed: (a) Motion to Dismiss and Compel Arbitration and

accompanying Memorandum of Law; (b) Reply in Support of its Motion to Dismiss and Compel

Arbitration; and (c) Amended Motion to Dismiss and Compel Arbitration.

Respectfully submitted,

_____

Marilyn Heffley
Pa. I.D. No. 42904
Peter F. Giamporcaro
Pa. I.D. No. 81304
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100

Counsel for Defendant
NationsCredit Financial Services

Corporation

Dated:  October 28, 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| **JEANETTE HURDLE,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | NO. 02-2788 |
| | : | |
| **v.** | : | |
| | : | |
| **FAIRBANKS CAPITAL CORPORATION,** et al., | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

**DEFENDANT NATIONSCREDIT FINANCIAL SERVICES CORPORATION'S
REPLY BRIEF IN SUPPORT OF ITS
AMENDED MOTION TO DISMISS AND COMPEL ARBITRATION**

**I.    INTRODUCTION**

Defendant NationsCredit Financial Services Corporation ("NationsCredit"), by and through its undersigned counsel, Reed Smith LLP, hereby replies to the Response of Plaintiff Jeanette Hurdle ("Plaintiff") to NationsCredit's Amended Motion to Dismiss and Compel Arbitration.

**II.    STATEMENT OF FACTS**

The full background of this case is set forth in the previous pleadings of the parties. The facts specifically relevant to this Reply Brief arise out of the Order of this Court dated September 18, 2002 denying without prejudice NationsCredit's Motion to Dismiss and Compel Arbitration but granting leave to NationsCredit to file an Amended Motion limited to the issue of the cost of arbitration ("Order"). Pursuant to the Order, NationsCredit timely filed an Amended Motion on October 2, 2002 whereby it agreed to bear the costs and fees of arbitration chargeable

to Plaintiff under the AAA Rules, excluding the costs and fees that Plaintiff would be obligated

to pay in litigation regardless of her *in forma pauperis* status.

In her Response to NationsCredit's Amended Motion to Dismiss and Compel Arbitration,

Plaintiff argues that the Amended Motion should be dismissed because: (1) the scope of relief

requested is too broad; (2) NationsCredit's proposed form of order is deficient for not specifying

that NationsCredit will bear the full burden of paying the fees and costs of arbitration; and (3) it

is not clear that the case will be accepted for arbitration by the American Arbitration Association.

Alternatively, Plaintiff argues that this Court has no jurisdiction to rule on the Amended Motion

because Plaintiff has appealed this Court's Order to the United States Court of Appeals for the

Third Circuit.

## III.    ARGUMENT

### A.    The Scope of Relief Is Not Too Broad

Plaintiff claims that NationsCredit's proposed form of order is too broad because there

are other defendants who are not signatories to the Arbitration Agreement. Plaintiff fails to

explain why the presence of another defendant is relevant to this Court's consideration of

NationsCredit's Motion other than to state that "[t]hese other defendants can neither compel Ms.

Hurdle to submit to arbitration nor be compelled too [sic] submit to arbitration by another party."

Bifurcation, however, is exactly what the Federal Arbitration Act ("FAA") requires.

The United States Supreme Court has held on several occasions that the FAA requires

arbitration even when the end result is bifurcating cases. *See* Dean Witter Reynolds Inc. v. Byrd,

470 U.S. 213, 218 (1985) (holding that the FAA "requires district courts to compel arbitration of

pendent arbitrable claims when one of the parties files a motion to compel, even where the result

would be the possibly inefficient maintenance of separate proceedings in different forums. . . .

By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original); <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 20 (1983) (holding that the FAA "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the [FAA], an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." (emphasis in original; footnotes omitted). Plaintiff offers no persuasive authority to the contrary.[1] Accordingly, NationsCredit respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and compel Plaintiff to arbitrate her alleged claims against NationsCredit.

## B.    <u>NationsCredit's Proposed Form of Order Is Not Germane to a Ruling on the Merits</u>

Plaintiff claims that NationsCredit's proposed form of order is deficient for not specifying that NationsCredit will bear the full burden of paying the fees and costs of arbitration. Not surprisingly, Plaintiff cites no authority at all to support the notion that an allegedly "deficient" proposed form of order has any bearing whatsoever on a ruling on the merits of the case. NationsCredit believes that this Court is perfectly capable of drafting an order to its liking to effectuate its judgment. Nevertheless, for the Court's convenience, NationsCredit has attached

---

[1]    Plaintiff's relies on this Court's decision in <u>Varallo v. Elkins Park Hosp.</u>, 2002 U.S. Dist. LEXIS 4611, at *12 (E.D. Pa. Mar. 19, 2002) for the proposition that a court has the option to deny enforcement of arbitration agreements where arbitrable and nonarbitrable claims are intertwined. Such reliance is misplaced. As this Court noted in <u>Varallo</u>, the FAA policy of compelling arbitration must be enforced "*absent a countervailing policy manifested in another federal statute.*" <u>Id.</u> at *11, *citing* <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213, 221 (1985). Although there was "another federal statute" at issue in <u>Varallo</u>, none exists here.

a revised proposed form of order that specifies that NationsCredit will bear the full burden of paying the fees and costs of arbitration. Accordingly, NationsCredit respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and compel Plaintiff to arbitrate alleged claims against NationsCredit, drafting an order to accomplish this goal in whatever form the Court so chooses.

### C.    Plaintiff Cannot Rely on Bare Assertions and Mere Speculation

Plaintiff next argues that an allegedly deficient disclosure makes it unclear whether the case will be accepted for arbitration by the American Arbitration Association ("AAA"). Plaintiff cites no authority at all to support her theory that the arbitration disclosure at issue is deficient. As this Court noted in its Order, "Under the standard governing motions to compel arbitration, as with the standard governing motions for summary judgment, plaintiff cannot rely upon 'bare assertions, conclusory allegations, or suspicions.'" Hurdle v. Fairbanks Capital Corp., No. 02-2788, at 10  (E.D. Pa. Sept. 17, 2002) (order denying motion to compel arbitration without prejudice) (citation omitted). Plaintiff has once again failed to submit any evidence at all that this case will be rejected for arbitration by the AAA, instead choosing to rely on mere speculation. Accordingly, NationsCredit respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and compel Plaintiff to arbitrate alleged claims against NationsCredit.

### D.    This Court Has Jurisdiction To Rule on the Amended Motion

Finally, after arguing that this Court should deny NationsCredit's Amended Motion, Plaintiff alternatively argues that this Court has no jurisdiction to rule on the Amended Motion because Plaintiff has appealed this Court's Order to the United States Court of Appeals for the Third Circuit. Section 16 of the FAA governs appellate review of arbitration orders. *See* 9 U.S.C. § 16; *see also* Green Tree Financial Corp.–Ala. v. Randolph, 531 U.S. 79, 84 (2000). The FAA

provides that an appeal may be taken from, *inter alia*, (1) an order denying application under the FAA to compel arbitration, *see* 9 U.S.C. § 16(a)(1)(C), and (2) a final decision with respect to an arbitration that is subject to the FAA, *see* 9 U.S.C. § 16(a)(3).

Plaintiff has jumped the gun on her appeal. Under Plaintiff's theory, there is no difference between an order that denies a motion to compel arbitration but grants a party leave to amend the motion (thus leaving open the possibility that the motion will be granted by the court) and a final decision with respect to arbitration. As the Supreme Court has noted, an immediately appealable, final decision under Section 16(a)(3) is a decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *See* Green Tree Financial Corp., 531 U.S. at 86 (internal quotations and citations omitted). The Court's Order granted leave to NationsCredit to file an Amended Motion by October 21, 2002 limited to the issue of the cost of arbitration. Thus, the Order did not "leave[] nothing more for the court to do but execute the judgment." Had NationsCredit not timely filed its Amended Motion, this Court would have to enter a final order denying NationsCredit's Motion to Compel. However, because NationsCredit did timely file an Amended Motion, this Court must now finally decide on whether to grant or deny the Amended Motion. Once the Court enters that final order, it will be a final decision with respect to an arbitration that is subject to the FAA, and either party may immediately appeal such decision. *See* 9 U.S.C. § 16(a)(3); *see also* Green Tree Financial Corp., 531 U.S. at 86–87. Accordingly, NationsCredit respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and compel Plaintiff to arbitrate alleged claims against NationsCredit.

## CONCLUSION

For all of the foregoing reasons, Defendant NationsCredit Financial Services Corporation respectfully requests that this Court grant its Motion and enter an Order compelling Plaintiff to arbitrate her alleged claims against NationsCredit pursuant to the terms of the Arbitration Agreement and dismiss with prejudice Plaintiff's claims against Defendant NationsCredit Financial Services Corporation

Respectfully submitted,

_____
Marilyn Heffley
Pa. I.D. No. 42904
Peter F. Giamporcaro
Pa. I.D. No. 81304
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100

Counsel for Defendant
NationsCredit Financial Services

Corporation

Dated: October 28, 2002

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 28th day of October, 2002, a true and correct copy of Defendant NationsCredit Financial Services Corporation's Reply in Support of its Amended Motion to Dismiss and Compel Arbitration was served by first class mail, prepaid postage, upon the following counsel of record:

        Robert F. Salvin
        Community Impact Legal Services, Inc.
        14 E. Biddle Street
        West Chester, PA 19380

        (Counsel for Plaintiff
        Jeanette Hurdle)

By:  _____
      Peter F. Giamporcaro